L MURRAY, J.,
concurs with reasons.
Because I agree that the Blood Shield Statutes in effect in 1984, La. R.S. 9:2797 and La. C.C. art. 2322.1 govern the Chris-tianas’ strict liability claims against Baptist, a blood distributor, I concur in the result. Although those statutes did not include the word “distributor,” the Legislature clearly intended those statutes to cover a hospital that distributed blood to its patients. See Shortess v. Touro Infirmary, 520 So.2d 389, 391 n. 5 (La.1988)(de-scribing Louisiana’s Blood Shield Statutes in effect at that time as “immunizing] hospitals and blood banks from implied warranty and strict liability for transmission of undetectable diseases” and noting that “[generally, blood transfusions are characterized as services rather than sales”).